# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XU FENG | : | CIVIL ACTION |
| | : | No. 16-664 |
| v. | : | |
| | : | |
| UNIVERSITY OF DELAWARE | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                                                             March 23, 2018

       Presently before the Court is Defendant University of Delaware's motion for summary judgment. For the reasons that follow, the Court will grant the motion.

       Plaintiff, a Chinese citizen, enrolled in a graduate program at the University of Delaware. After three semesters (from summer 2014 through spring 2015) during which Plaintiff did not maintain the minimum required 2.0 GPA, the University expelled him for failing to meet its academic requirements. Plaintiff asserts that his F-1 student visa required him to take nine credits per semester while other students who did not have a student visa were only required to take three to six credits by the University. Plaintiff claims that he was unable to complete his coursework because the government's requirement that he take nine credits was too burdensome, and the University was unwilling to provide him adequate assistance. As a result, Plaintiff claims that the University: (1) discriminated against him on the basis of his national origin in violation of 42 U.S.C. § 2000d; (2) breached its contract with him; (3) was unjustly enriched; and (4) committed fraud.

       1.      Summary judgment should be granted when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A

dispute of fact is genuine when no reasonable jury could come to the opposite conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986). Furthermore, a dispute of fact is material when it "might affect the outcome of the suit under the governing law." Id. at 248. A movant is entitled to summary judgment if the non-movant has failed to sufficiently show an essential element of its case. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

2. In order to succeed in his discrimination claim, Plaintiff must first make out a prima facie claim for national origin discrimination. To do this, Plaintiff must establish that: (1) he was a member of a protected class; (2) he was qualified to continue the pursuit of his education; (3) he was treated differently than similarly situated students who were not members of the protected class; and (4) he suffered an adverse action. Elliott v. Del. State Univ., 879 F. Supp. 2d 438, 443 (D. Del. 2012). While Plaintiff's discrimination claim suffers from several infirmities, one primary flaw is that he has not established a prima facie case since he, inter alia, has failed to show that he was treated differently than similarly situated students who were not members of his protected class. The proper comparator class is non-Chinese students in the program whose GPA fell below the required 2.0. Plaintiff has failed to proffer evidence of any individuals that fell into this class or that they were treated differently than he. As a result, Plaintiff's discrimination claim must fail.

3. Plaintiff contends that, as part of the University's efforts to help him to make up his missing assignments and improve his grades, it entered into a contract with him promising to change his grades whenever he completed the missing work. Plaintiff has failed to establish a breach of contract. He alleges that the contract is embodied in a document entitled "Agreement for Xu (George) Feng." ECF No. 27-1, p. 45. This unsigned document provides that one of his professors was "willing to support his request" to be reinstated in the program if he: (1)

contacted his professors in the three fall 2014 courses that he did not complete and requested permission to complete the missing assignments; (2) inquired about a late withdrawal from his Museum Studies course; (3) took two courses in the spring 2015 semester; and (4) met weekly with two of his professors to update them on the progress of his missing fall and spring coursework. Id. Plaintiff was also told at least twice, on May 18, 2015 and July 2, 2016, that he had until the second summer session (July 6, 2015) to finish his overdue assignments or he would not be allowed to register for summer classes. ECF No. 27-1, pp. 54 & 58. Moreover, it can be implied by the nature of the terms of the agreement that these actions were to be performed during that spring semester. See, e.g., Martin v. Star Pub. Co., 126 A.2d 238, 244 (Del. 1956) ("[I]f no time for performance is fixed, the court will imply a reasonable time.").

    First, the evidence shows that Plaintiff did not meet the terms of the agreement nor did he submit his missing work until December 2015, long after he had been expelled from the program. Second, even if Plaintiff had met the terms of the agreement (and even if the agreement was a contract, which is debatable), the agreement was not for reinstatement but merely for one professor to support his request for reinstatement. As a result, Plaintiff's breach of contract claim fails.

    4.  Plaintiff contends that the University was unjustly enriched because it took his tuition but did not give him a degree. Plaintiff is incorrect. Unjust enrichment requires a showing of: (1) an enrichment; (2) an impoverishment; (3) a relation between the enrichment and impoverishment; (4) the absence of justification; and (5) the absence of a remedy provided by law. Nemec v. Shrader, 991 A.2d 1120, 1130 (Del. 2010). Plaintiff paid for three semesters of the program and attended three semesters of the program. Thus, there is a reasonable justification

for his financial impoverishment and the University's enrichment: Plaintiff received what he paid for. As a result, Plaintiff's novel claim for unjust enrichment fails.

5. Plaintiff contends that the University committed fraud in that it falsely told him he would be given additional time to complete his fall 2014 coursework and that the University "never had any intention of allowing Plaintiff to remain in the program past the Spring 2015 term." Common law fraud requires a plaintiff to show: (1) the existence of a false representation made by the defendant; (2) the defendant knew or believed the representation was false, or was indifferent to the truth; (3) the defendant intended to induce the plaintiff to act; (4) the plaintiff acted in justifiable reliance on the representation; and (5) the plaintiff suffered damages as a result. H-M Wexford LLC v. Encorp, Inc., 832 A.2d 129, 144 (Del. Ch. 2003). Drawing all reasonable inferences in favor of Plaintiff, the Court nonetheless concludes that Plaintiff has failed to provide any evidence that the University knew or believed any representations it made to him were false. Instead, the uncontroverted evidence shows that the University made exceptional attempts to help Plaintiff stay in the program, but ultimately, due to Plaintiff's failure to finish the work for the fall 2014 and spring 2015 semesters, it expelled him. Thus, Plaintiff's fraud claim fails.

6. For these reasons, the Court will grant the University's motion for summary judgment.

An appropriate order follows.